# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2014

Lyle W. Cayce
Clerk

No. 13-30552
Summary Calendar

DEREK HALE,

Plaintiff - Appellant

v.

OMEGA PROTEIN, INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the  Eastern District of Louisiana
USDC No. 2:10-CV-282

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Derek Hale brought an action alleging that his employer Omega Protein ("Omega") was liable for injuries Hale suffered when a piece of debris fell from a fishing net and struck his forearm.  After a three-day bench trial, the United States District Court for the Eastern District of Louisiana ordered Omega to pay Hale maintenance from November 1, 2009, until the start of the following fishing season in April 2010, Hale's medically recommended convalescence

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30552

period for the forearm injury. The district court found that Hale's knee, shoulder, neck, and back problems were unrelated to the accident and denied all other relief. Hale timely appealed. Reviewing the district court's findings of fact for clear error and legal issues de novo,[1] we AFFIRM the judgment of the district court.

The evidence supports the district court's determinations that Hale's knee, shoulder, neck, and back problems did not result from the piece of metal that struck his forearm on September 8, 2009 and that Hale failed to establish that negligence or unseaworthiness played a role in his injury. Where, as here, findings based on conflicting evidence depend on the credibility of witnesses, we uphold the district court's determinations "if based on coherent, internally consistent, and facially plausible testimony that is not contradicted by external evidence."[2] In an admiralty case decided at a bench trial, furthermore, the district court's findings of negligence and causation are treated as factual findings subject to the clearly erroneous standard.[3] A finding is clearly erroneous when, viewing the evidence in its entirety, we are "left with the definite and firm conviction that a mistake has been committed."[4]

But we are left with no such conviction here. Evidence at trial showed that the sole complaints recorded on the day of the accident were pain in Hale's arm and elbow. At a follow-up visit on October 5, Hale reported continued pain and swelling in his forearm as well as swelling in his right leg, which the doctor thought could be related to the prolonged swelling in Hale's arm. An ultrasound of the swelling in Hale's leg showed no blood clots or abnormalities. The only medical complaint recorded at follow-up visits on October 23 and

---

[1] *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 601 (5th Cir. 2000).

[2] *Bertucci Contracting Corp. v. M/V Antwerpen*, 465 F.3d 254, 259 (5th Cir. 2006).

[3] *Id.*

[4] *Id.* at 258-59 (quotations and citations omitted).

No. 13-30552

October 28 was continued pain in Hale's right arm. Hale confirmed at an exit interview at the conclusion of the fishing season on October 31, 2009, that the only injuries he sustained in the September 8 accident were to his forearm.

At three additional visits with Hale's regular physician that November and December for continuing arm pain, Hale was prescribed additional physical therapy, paid for by Omega. Hale's physician expected the arm injury to heal in time for the beginning of the next fishing season. She also noted that Hale suffered from lower back pain unrelated to his arm injury. An MRI of Hale's spine revealed bulging discs and other abnormalities unrelated to any "known injury" and similar to MRIs of Hale's spine before the accident.

No medical records substantiate Hale's claim at trial that in the months following the accident, he reported knee problems, which he now alleges were caused by falling to his knees when the debris struck his arm. When Hale later sought treatment for his right knee, an initial MRI appeared to show a torn medical meniscus and partial tear of the anterior cruciate, but surgery determined that the defect was actually a congenital plica, or fetal tissue remnant. The evidence likewise failed to support a causal link between the fishing accident and treatment Hale later sought for shoulder, neck, and back problems, and suggests instead a causal link with a motor vehicle accident that Hale had suffered in the past.

Nor do we find fault with the district court's determination that Omega was not negligent under the Jones Act and F/V CHAUVIN was not unseaworthy. Credible witnesses testified that the net was being operated at a customary rate of speed that was not excessive for the day's ordinary fishing conditions, and like the district court we see no causal significance to evidence that Captain Mitchell was aware of a tear in the net but did not slow the net retrieval speed on the mate's boat. The piece of metal debris that got caught in the net and fell on Hale's forearm was a sudden and extremely rare

3

occurrence that could not have been prevented with reasonable care. Hale presented no evidence of unseaworthiness.

Although we sympathize with the extent of medical infirmities that have befallen Hale, we find no error in the district court's determinations that Omega already provided maintenance and cure for those ailments related to the fishing accident. To the extent the district court ordered Omega to pay Hale maintenance in the total amount of $1,500.00 for an additional five months of convalescence for the forearm injury, we find no willful or wanton callousness on Omega's part that would justify punitive damages or attorney's fees.

For these reasons, we AFFIRM.